IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **QUDRAT ULLAH TARIQ, et al.,** | * | |
| Plaintiffs, | * | |
| v. | * | CIVIL NO. JKB-24-3511 |
| **UNITED STATES,** | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Plaintiffs Qudrat Ullah Tariq and Sams Food Store have filed suit against the United States. (ECF No. 1.) Plaintiff explains that he "previously owned [Sams Food Store] which participated in the SNAP Program" and that, on August 30, 2022, "due to a single and 'careless' violation, the Plaintiff's store became disqualified to participate in the SNAP program." (*Id.*) Plaintiff explains that this disqualification also resulted in a six-month restriction on the sale of his business. (*Id.*) Plaintiff explains that he "entered into an agreement intending to sell the store" on October 22, 2022, and that he sold the store on February 7, 2023, within the prohibited six-month period (which presumably would have ended on or around February 28, 2023). (*Id.*) He asserts that he was assessed a fine of $7,344.00, but that "[c]onsidering that the penalty is assessed according to the number of months in violation, the penalty should only be for one month," which is "[a]pproximately $1,836.00." (*Id.*) He also asserts that the fine should be waived because the sale occurred "days, not months, shy of the expiration of the disqualification period." (*Id.*) He asserts that he brings his claim pursuant to 7 CFR § 278.6 and 7 U.S.C. § 2023.

Based upon the foregoing, the Court understands Plaintiff to be seeking judicial review of a decision—presumably by the United States Department of Agriculture's ("USDA") Food and

Nutrition Service ("FNS")[1]—to impose a fine upon him for selling his business within the six-month period. As this Court has explained,

> [t]he regulations provide for a system of administrative and judicial review of a decision by FNS to disqualify [or fine] a SNAP retailer. *See* 7 U.S.C. § 2023(a); 7 C.F.R. § 279. First, FNS must provide the retailer with written notice of its initial decision. 7 U.S.C. § 2023(a)(1). Within ten days of receipt of the notice, the retailer may ask FNS to review the decision. *Id.* § 2023(a)(3); 7 C.F.R. § 279.1. FNS must then review its initial decision and render a Final Agency Decision, which takes effect thirty days after notice of the decision has been delivered to the retailer. 7 C.F.R. § 279.5. Upon receipt of a Final Agency Decision, a retailer may seek judicial review. 7 U.S.C. § 2023(a)(13); 7 C.F.R. § 279.7.

*7-Eleven #22360 v. United States*, 560 F. Supp. 3d 892, 899 (D. Md. 2021). The retailer must seek such judicial review within 30 days of receiving the Final Agency Decision. 7 U.S.C. § 2023(a)(13). And, if the retailer fails to initiate the administrative review process at all, the initial FNS decision "shall be final." *Id.* § 2023(a)(4) ("If [a request for review] is not made or if such store, concern, or State agency fails to submit information in support of its position after filing a request, the administrative determination shall be final.")

In his Complaint, Plaintiff does not address this administrative exhaustion procedure. It is therefore not clear whether he followed the process provided in 7 U.S.C. § 2023(a), and, if he did, when he received the Final Agency Decision.

It is also not clear whether these prerequisites to filing suit are jurisdictional or are mandatory claims-processing rules. *See Nephew Mini Mkt., LLC v. United States*, Civ. No. ELH-21-2318, 2022 WL 3544259, at *18 (D. Md. Aug. 18, 2022). To the extent they are the former, the Court has an obligation to assure itself of its jurisdiction over a case. *Brickwood Contractors, Inc. v. Datanet Engineering, Inc.*, 369 F.3d 385, 390 (4th Cir. 2004) ("[Q]uestions of subject-

---

[1] The Supplemental Nutrition Assistance Program ("SNAP") is administered by FNS, and FNS may impose fines on businesses that violate SNAP rules. *See* 7 C.F.R. § 278.6 (titled "Disqualification of retail food stores and wholesale food concerns, and imposition of civil money penalties in lieu of disqualifications").

matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised *sua sponte* by the court."). To the extent they are the latter, the Court may still dismiss inadequate complaints on its own initiative so long as "the procedure employed [in doing so] is fair to the parties." *Robertson v. Anderson Mill Elementary Sch.*, 989 F.3d 282, 291 (4th Cir. 2021) (citation and internal quotation marks omitted).

Either way, the Court requires additional information. Thus, Plaintiff will be provided an opportunity to show cause why his Complaint should not be dismissed. In his response, Plaintiff must provide additional detail surrounding whether he sought review of the adverse decision and, if so, the nature and timing of any Final Agency Decision.

Further, it is not clear that venue is proper in this Court. 7 U.S.C. § 2023(a)(13) provides that "[i]f the store, concern, or State agency feels aggrieved by such final determination, it may obtain judicial review thereof by filing a complaint against the United States in the United States court for the district in which it resides or is engaged in business, or, in the case of a retail food store or wholesale food concern, in any court of record of the State having competent jurisdiction." Here, the record reflects that, while Plaintiff himself resides in Maryland, the store at issue—Sams Food Store—is located in Rhode Island. Thus, it would appear that—to the extent this case should not be dismissed—it should be transferred to the United States District Court for the District of Rhode Island. Plaintiff should address this issue as well.

Accordingly, it is ORDERED that Plaintiff, by March 5, 2025, shall SHOW CAUSE why this case should not be dismissed and/or transferred. Failure to show cause will result in the dismissal of the case without further notice.

DATED this 6 day of February, 2025.

BY THE COURT:

/s/ James K. Bredar

James K. Bredar
United States District Judge